PER CURIAM.
This cause is before us for review of the recommendations of discipline to be administered to the Respondent as contained in the Referee’s Report filed on November 16th, 1970.
The Referee’s Report reads in part:
“1. That prior to July 30, 1965, Mr. William M. Murphy, Jr. acted as attorney and Kathryn Perryman served as Executrix in the estate of Mary Davis Crout, deceased, thereby Faye Lynelle Crout Moreno became the owner of the said real property, and Kathryn S. Perryman was trustee for Faye Lynelle Crout Moreno, and the said real property was located in Orlando, Orange County, Florida.
“2. That on or about July 30, 1965, Kathryn S. Perryman contacted William M. Murphy, Jr., the Respondent and advised him that she would like to sell the said real property for a net of Fifteen Thousand Dollars ($15,000.00) and that a Warranty Deed was properly executed by Faye Lynelle Crout Moreno and her husband to the Respondent, William M. Murphy, Jr., wherein the said Respondent was to hold the said Deed in escrow until the closing of the transaction.
“3. That on September 30, 1965 the Respondent without the knowledge or consent of Kathryn S. Perryman or Faye Lynelle Crout Moreno or her husband recorded the said Deed in the Public Records of Orange County, Florida, and on October 11, 1965, the Respondent and his wife executed a note and mortgage to the Winter Park Federal Savings And Loan Association securing a loan of Fifteen Thousand Dollars ($15,000.00) as owners of the said property,
“4. That on or about January 28, 1966 the Respondent gave to Kathryn S. Perryman a closing statement dated November 11, 1965, and a promissory note, however, the promissory note was improperly drawn, and after several requests from an attorney representing Kathryn S. Perryman, the Respondent on or about November 27, 1966 executed and delivered a note and mortgage to secure the unpaid balance of the transaction.
“5. That Kathryn S. Perryman was unaware of the Respondent’s transaction with Winter Park Federal Savings and Loan Association, and she believed that the note and mortgage that she had received from the Respondent constituted a first mortgage on the said property, and Kathryn S. Perryman found out about Winter Park Federal Savings and Loan Association first mortgage when she retained an attorney to foreclose on her note and mortgage.
“6. That Winter Park Federal Savings and Loan Association commenced foreclosure proceedings in April 11, 1968, and after a summary judgment was entered in the said action, the property was sold, and the funds from the sale were insufficient to satisfy the summary final judgment, which was entered in favor of Kathryn S. Perryman as trustee on the foreclosure of her second mortgage interest.”
*24 The record and Petition of the Board of Governors of The Florida Bar, as amended, have been carefully considered by this Court. The Respondent has failed to appear or to object to the Petition of The Florida Bar.
It is ordered that the findings of the Referee that Respondent William M. Murphy, Jr., is guilty as charged is hereby approved. Although the Referee’s recommendation was for a private reprimand only, we view the grave circumstances here as demanding a more severe sanction. Accordingly, it is the opinion of this Court that Respondent should be suspended from the practice of law for a period of six months from the filing of this opinion and thereafter until he has made full restitution to Kathryn S. Perryman and until he shall have demonstrated to this Court and to the Board of Governors of The Florida Bar that he is entitled to reinstatement. Execution is hereby directed to issue for the costs against Respondent.
It is so ordered.
ROBERTS, C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.